UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE YOUNG,

        Plaintiff,                Case No. 17-cv-10172
                                     District Judge John Corbett O'Meara
v.                                 Magistrate Judge Anthony P. Patti

DOLGENCORP, LLC,

        Defendant.

_____/

## <u>ORDER REGARDING DEFENDANT'S BILL OF COSTS (DE 23)</u>

**A.**     **Background**

This lawsuit regarding the alleged events of December 12, 2013 was filed in state court on December 8, 2016 and removed to this Court on January 19, 2017. (DE 1, DE 1-2.) In May 2017, Defendant filed two motions: **(1)** a motion for leave to file a third-party complaint (DE 11) and **(2)** a motion to compel answers to interrogatories and request for production of documents (DE 12). Judge O'Meara referred these motions to me for hearing and determination. Thereafter, I entered an order granting Defendant's motion for leave to file a third-party complaint and noticed a hearing on the motion to compel. (DEs 14-16.)[1]

_____

[1] A third party complaint was filed on June 8, 2017, but it has since been dismissed. (DEs 17, 27.)

The hearing was never held. On June 19, 2017, I entered an order granting

Defendant's motion to compel as unopposed, granting costs, and cancelling the

hearing noticed for June 22, 2017. (DE 20.) In part, my order provided:

> Defendant is awarded its reasonable costs and attorney fees associated
> with the preparation of this motion, pursuant to Fed. R. Civ. Pro.
> 37(a)(5) – and (b)(2), as it was necessitated by a failure to abide by a
> previous discovery order (DE 7) – and shall submit an itemized bill of
> costs for the Court's consideration via ECF on or before **June 24,
> 2017** in support thereof; thereafter, any specific objections to the
> amount of fees or costs being sought must be filed by Plaintiff on or
> before **June 27, 2017**.

(DE 20 at 2-3.) Defendant timely filed its bill of costs on June 22, 2017, seeking

reimbursement for 5.8 hours at an hourly rate of $180 for a total of $1,044.00. (DE

23.) To date, no related objections have been filed.

**B.     Discussion**

If an underlying discovery motion is granted, the applicable rule provides for

payment of "the movant's *reasonable expenses* incurred in making the motion,

including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphases added). Even

though Plaintiff has not filed objections to Defendant's bill of costs, I have

reviewed the application in detail and conclude that, while Defendant is entitled to

reimbursement for some of the listed expenses, not all of them meet with Rule 37's

standards.

As to the $180 hourly rate sought by attorney Fracassi, he is correct that the

median hourly rate by office location (Downtown Detroit & New Center area) is

$275.  *See State Bar of Michigan*, *Economics of Law Practice in Michigan*, 2014

(p. 9).  As such, I conclude that $275 is a reasonable hourly rate and warrants an

upward departure from the rate sought in the application before the Court.

At the same time, I conclude that the asserted total of **5.8 hours** spent on

various tasks over-reaches Rule 37's reasonableness standard.  Having considered

Plaintiff's line-item chart, I conclude that he should not be reimbursed for the **0.8**

**hours** incurred on May 3 through May 8.  (DE 23 at 2.)  These items pre-date the

seeking of concurrence and, therefore, can appropriately be considered as outside

the realm of expenses "incurred in making the motion[.]"  Fed. R. Civ. P.

37(a)(5)(A).  Moreover, I am not inclined to award compensation for the asserted

**2.1 hours** spent <u>preparing the Bill of Costs</u>.  *See Michigan Millers Mut. Ins. Co. v.*

*Westport Ins. Corp.*, No. 1:14-CV-00151-PLM, 2014 WL 5810309, at *5 n.5

(W.D. Mich. Nov. 7, 2014) ("The Court is not including the attorneys' time

preparing these affidavits or the fee petition in the award of costs.").[2]  In any event,

it seems unreasonable that counsel would have spent almost as much time

---

[2] In support of this statement, Magistrate Judge Green relied upon:  **(a)** Fed. R. Civ.
P. 37(a)(5)(A); **(b)** Magistrate Judge Roberts's decision in *May v. F/V LORENA*
*MARIE, Official No. 939683*, No. 3:09-CV-00114-SLG, 2012 WL 395286, at *6
(D. Alaska Feb. 7, 2012) ("Pursuant to case law, counsel may not include the
preparation of his declaration regarding costs and fees for inclusion in the Court's
award for sanctions.") (footnote omitted); and **(c)** Judge Hunter's order in
*Addington v. Mid-Am. Lines*, 77 F.R.D. 750, 751 (W.D. Mo. 1978) ("The[]$16.67
which defendant union seeks to recover is for time spent by counsel in preparing
his affidavit setting out his fees in obtaining this Court's Order Compelling
Discovery.").

preparing the Bill of Costs as he alleges to have done from the point of seeking concurrence through reviewing the Court's order (**2.9 hours**), and more time preparing the Bill of Costs (2.1 hours) than was spent drafting the actual motion to compel (1.9 hours).  (DE 23 at 3.)

## C.    Order

Accordingly, Defendant's application for costs associated with its motion to compel (DE 23) is **GRANTED IN PART** and **DENIED IN PART**.  Within ten (10) days of the date of this order, Plaintiff's counsel shall reimburse Defendant in the amount of $797.50 ($275 x 2.9 hours).

**IT IS SO ORDERED.**

Dated: August 31, 2017           s/Anthony P. Patti
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on August 31, 2017, electronically and/or by U.S. Mail.

                                 s/Michael Williams
                                 Case Manager for the
                                 Honorable Anthony P. Patti