UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANE YOUNG,

       Plaintiff,

                                  Case No. 17-10172

v.

                                  Hon. John Corbett O'Meara

DOLGENCORP, L.L.C.,

       Defendant.

_____/

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the court is Defendant Dolgencorp, L.L.C.'s motion for summary

judgment.[1]  For the reasons explained below, Defendant's motion is granted.

## BACKGROUND FACTS

Plaintiff Diane Young was assaulted and robbed of her purse in the parking

lot of a Dollar General store in Detroit, Michigan.  The Dollar General premises

are leased by Dolgencorp, L.L.C., and owned by Detroit Meyers Plaza, L.L.C.

According to the police report, Plaintiff told officers at the scene that a man

snatched her purse off her shoulder.  Def.'s Ex. A.  The police report states that

Plaintiff's "left wrist was slightly swollen but she did not need EMS." Id.

---

[1] The motion was filed on behalf of "Defendants" Dolgencorp L.L.C. and Detroit Meyers Plaza,
L.L.C.  However, Dolgencorp's third-party complaint against Detroit Meyers Plaza was
dismissed by stipulated order on July 7, 2017.  Plaintiff has not amended her complaint to add
Detroit Meyers Plaza as a defendant.  Therefore, Detroit Meyers Plaza is not a party to this
action.

Plaintiff's recollection of the incident differs from the police report. According to Plaintiff, she was about to throw her purse in her car when a man grabbed her. The assailant lost his balance on a patch of ice and fell on top of Plaintiff before fleeing in a getaway vehicle. Plaintiff testified that a bystander called the police and gave her the phone so she could talk to an officer. Def.'s Ex. B (Plaintiff's Dep.) at 28-30. Plaintiff states that the police did not respond to the scene, but came to her home later. Id.

Plaintiff testified that she is "used to seeing security right there at the door at all times during the years I have been going there [Dollar General]. . . . But there wasn't no security there" on the day of the incident. Id. at 34. Plaintiff contends that a bystander called for Dollar General's security guard to come out while she was still on the ground, but the guard did not take any action. Id. at 41-42.

## LAW AND ANALYSIS

Plaintiff's complaint asserts a claim of negligence against Dolgencorp.[2] Defendant seeks summary judgment, which is appropriate if "there is no genuine issue as to any material fact and … the moving party is entitled to judgment as a

---

[2] Plaintiff's response brief references a claim of promissory estoppel, which was not pleaded in the complaint. Essentially, Plaintiff contends that she relied on the presence of a security guard on Defendant's premises. To the extent Plaintiff attempts to introduce such a claim in her response brief, it is untimely. Moreover, Plaintiff's claim that she relied on the presence of a security guard is without merit. "[M]erchants are ordinarily not responsible for the criminal acts of third persons," and where safety measures are voluntarily taken, "[s]uit may not be maintained on the theory that the safety measures are less effective than they could or should have been."
Scott v. Harper Recreation, Inc., 444 Mich. 441, 452, 506 N.W.2d 857, 863 (1993).

matter of law." Fed. R. Civ. P. 56(c).  In order to present a claim of negligence, Plaintiff must establish that Defendant owed her a duty of reasonable care, which was breached, proximately causing Plaintiff injury.  Whether Defendant owed a duty to Plaintiff is a question of law for the court.  See Williams v. Cunningham Drug Stores, Inc., 429 Mich. 495, 500, 418 N.W.2d 381, 383 (1988).

The Michigan Supreme Court has emphasized that "a merchant's duty of reasonable care does not include providing armed, visible security guards to deter criminal acts of third parties." Id. at 501.  Nor does a duty arise when a merchant voluntarily undertakes to provide a security guard or other safety measures.  See Scott v. Harper Recreation, Inc., 444 Mich. 441, 452, 506 N.W. 2d 857, 863 (1993) ("Suit may not be maintained on the theory that the safety measures are less effective than they could or should have been.").  The merchant's only duty is to "respond reasonably to criminal acts occurring on the premises" by making "reasonable efforts to contact the police."  MacDonald v. PKT, Inc., 464 Mich. 322, 336, 628 N.W.2d 33, 39 (2001).

Plaintiff argues that Defendant "failed to have a security officer contact police" and that there is a question of fact "as to whether Defendants contacted police in a timely manner to prevent the assault by a third party."  As discussed above, Defendant did not have a duty to prevent a third party from assaulting Plaintiff.  See Williams, 429 Mich. at 501.  At most, Defendant had a duty to

respond to an "ongoing situation" by making "reasonable efforts to contact the police." MacDonald, 464 Mich. at 336-338.  It is undisputed, however, that Defendant's security guard was not present when Plaintiff was assaulted and did not confront an ongoing criminal act.  A bystander called the police and Plaintiff spoke to an officer on the phone.  Under these circumstances, where the "incident was over" and the police had been contacted, Defendant "had no opportunity to summon the police." Wade v. H & L Multi-Purpose, Inc., 2015 WL 2414540 at *3 (Mich. App.  May 19, 2015).  Cf. Bailey v. Schaaf, 494 Mich. 595, 617, 835 N.W.2d 413, 426 (2013) (summary judgment not appropriate when security guards failed to summon police when faced with ongoing situation of a man brandishing a gun in the common area of an apartment complex).  Because Defendant was not faced with an ongoing situation involving a "risk of imminent harm" to Plaintiff, Defendant did not have a duty to Plaintiff. See MacDonald, 464 Mich. at 335.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED.

s/John Corbett O'Meara
United States District Judge

Date:  March 29, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 29, 2018, using the ECF system.


s/William Barkholz
Case Manager